**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | 2008-CR-0023-01 |
| v. | |
| **AMOBI CHRISTOPHER,** | |
| Defendant. | |

TO:  Evan Rikhye, Esq., AUSA
       Martial A. Webster, Sr., Esq.

### ORDER DENYING DEFENDANT'S MOTION TO COMPEL

THIS MATTER came before the Court for hearing on November 14, 2008, upon Defendant's Motion to Compel Disclosure of Informant (Docket No. 18). The government was represented by Evan Rikhye, Esq., AUSA. Martial A. Webster, Sr., Esq., appeared on behalf of said Defendant.

Having reviewed the written submissions of the parties and heard arguments of counsel, the Court will deny the motion.

Said Defendant seeks the disclosure of the identity and other information concerning the concerned citizen (CC) who provided information to law enforcement officers and whom Defendant alleges is a confidential informant. It is well established that the

*United States v. Christopher*
2008–CR-0023-01
Order
Page 2

government may withhold the identity of informants. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). That privilege, however, is "not without limitations." *United States v. Jiles*, 658 F.2d 194, 196 (3d Cir. 1981). The *Jiles* court notes that "there is no fixed rule as to when disclosure is required . . . ." *Id*. (citing *McCray v. Illinois*, 386 U.S. 300, 311 (1967)). As the Third Circuit stated in *United States v. Jones*, 492 F.2d 239 (3d Cir. 1974), "Whether an informants's identity should be disclosed depends on the circumstances of each case and requires a balancing of the public's right to the flow of information against the requirements of providing a fair trial to the defendant." *Id*. at 242 (citing *Roviaro v. United States*, 353 U.S. 53 (1957)).

The "first step in determining whether the identity of an informant must be disclosed is to ascertain what need, if any, the defendant has alleged for disclosure. The burden is on the defendant to show the need for disclosure." *Jiles*, 658 F.2d at 197. In the matter at bar, said Defendant alleges that disclosure will assist him in ascertaining the credibility of any informants and is "absolutely essential to the defense of this case." Memorandum of Law in Support of Motion to Compel at 2. However, the government maintains that the concerned citizen is a "mere tipster." Response at 3. The government further argues that "because the CC did not witness any events that led to the defendants' indictment, the government would have no reason to call the CC as a witness at trial." *Id*.

*United States v. Christopher*
2008–CR-0023-01
Order
Page 3

The government continues, "Even if the government were to concede, for the sake of argument, that the CC was an eye-witness . . . the defendant still would not be entitled to the CC's identity as a matter of law because the defendant has made no showing whatsoever about their [sic] need for disclosure. *Id*.

The Court agrees with the government. In the absence of anything to support said Defendant's bare assertions, the Court fails to understand how revealing the CC's identity is "'relevant or helpful'" to his defense. *United States v. Hernandez*, 608 F.2d 741, 744 (9th Cir. 1979) (citing *Roviaro v. United States*, 353 U.S. 53 (1957)).

> In both *Roviaro* and *McCray*, the Court specifically articulated those circumstances in *Roviaro* which required the informant's identity to be released: (1) the possible testimony was highly relevant; (2) it might have disclosed an entrapment; (3) it might have thrown doubt upon the defendant's identity; and (4) the informer was the sole participant other than the accused, in the transaction charged. *McCray*, 386 U.S. at 310-11, 87 S.Ct. at 1062; *Roviaro*, 353 U.S. at 63-65, 77 S.Ct. at 629-30.

*Jiles*, 658 F2d. at 198-99. In the matter at bar, said Defendant has not demonstrated the relevancy of the CC's possible testimony nor has he alleged an entrapment defense. The two remaining factors are not at issue in this matter. Mere speculation that knowing the identity of the CC may be helpful to said Defendant's "case is not sufficient to show the specific need required by *Roviaro*." *Jiles*, 658 F.2d at 197. In this jurisdiction,

*United States v. Christopher*
2008–CR-0023-01
Order
Page 4

> "[t]he defendant must indicate some concrete circumstances that might justify overcoming both the public interest in encouraging the flow of information [from informants to law enforcement] and the informant's private interest in his [or her] own safety." *United States v. Robles*, 814 F. Supp. 1233, 1240 (E.D. Pa. 1993) (quoting *United States v. Estrella*, 567 F.2d 1151, 1153 (1st Cir. 1977)). Absent an affirmative showing that disclosure is necessary to the defense the court will not compel the government to disclose an informant's identity.

*United States v. Ross*, Criminal No. 05-398-1, 2006 WL 938535 at *13 (E.D. Pa. April 4, 2006).

The Court finds that said Defendant has failed to carry his burden.

WHEREFORE, based upon the foregoing, it is now hereby **ORDERED** that Defendant Amobi Christopher's Motion to Compel Disclosure of Informant (Docket No. 18) is **DENIED**.

ENTER:

Dated: November 17, 2008                /s/
                                        GEORGE W. CANNON, JR.
                                        U.S. MAGISTRATE JUDGE